**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IMPULSE TECHNOLOGY LTD.,           )
                                                          )
                         Plaintiff,              )
                                                          )
            v.                                        )
                                                          )          C.A. No. _____
MICROSOFT CORPORATION;       )
ELECTRONIC ARTS, INC.; UBISOFT   )          **JURY TRIAL DEMANDED**
HOLDINGS, INC.; THQ INC.; KONAMI  )
DIGITAL ENTERTAINMENT CO.;        )
SEGA OF AMERICA, INC.; MAJESCO )
ENTERTAINMENT CO.; NAMCO        )
BANDAI GAMES AMERICA, INC.;       )
HARMONIX MUSIC SYSTEMS, INC.,   )
                                                          )
                         Defendants.            )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Impulse Technology Ltd. ("Impulse") files this Complaint for patent

infringement against Microsoft Corporation ("Microsoft"), Electronic Arts, Inc. ("EA"), Ubisoft

Holdings, Inc. ("Ubisoft"), THQ Inc. ("THQ"), Konami Digital Entertainment, Inc. ("Konami"),

Sega of America, Inc. ("Sega"), Majesco Entertainment Company ("Majesco"), Namco Bandai

Games America, Inc.  ("Namco Bandai"), and Harmonix Music Systems, Inc. ("Harmonix")

(collectively "Defendants") and alleges as follows:

### I.      PARTIES

1.      Plaintiff Impulse Technology Ltd. (Impulse) is a corporation incorporated under

the laws of Ohio and has its principle place of business at 30612 Salem Dr., Bay Village, OH

44140.

2.      Upon information and belief, Defendant Microsoft Corporation ("Microsoft") is a

corporation organized and existing under the laws of Delaware with its principal place of

business at 1 Microsoft Way, Redmond, Washington 98052.  Microsoft manufacturers for sale

and/or sells video game consoles and video games to consumers in the United States and, more particularly, in the District of Delaware.

3.      Upon information and belief, Defendant Electronic Arts, Inc. ("EA") is a corporation organized and existing under the laws of Delaware with its principle place of business at 209 Redwood Shores Parkway, Redwood City, California 94065.  EA manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

4.      Upon information and belief, Defendant Ubisoft Holdings, Inc. ("Ubisoft") is a corporation organized and existing under the laws of Delaware with its principle place of business at 625 Third Street, 3rd Floor, San Francisco, California 94017.  Ubisoft manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

5.      Upon information and belief, Defendant THQ Inc. ("THQ") is a corporation organized and existing under the laws of Delaware with its principle place of business at 29903 Agoura Road, Agoura Hills, California 91301.  THQ manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

6.      Upon information and belief, Defendant Konami Digital Entertainment, Inc. ("Konami") is a corporation organized and existing under the laws of Illinois with its principle place of business at 2381 Rosecrans Avenue, Suite 200, El Segundo, California 90245.  Upon information and belief, Konami is a wholly owned subsidiary of Konami Corporation, which is a corporation organized and existing under the laws of Delaware.  Konami manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

7.      Upon information and belief, Defendant Sega of America, Inc. ("Sega") is a corporation organized and existing under the laws of California having its principle place of business at 350 Rhode Island Street Suite 400 San Francisco, CA 94103.  Upon information and belief, Sega is a wholly owned subsidiary of Sega Corporation, which is a corporation organized and existing under the laws of Delaware.  Sega manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

8.      Upon information and belief, Defendant Majesco Entertainment Company ("Majesco") is a corporation organized and existing under the laws of Delaware with its principle place of business at 160 Raritan Center Parkway, Edison, New Jersey 08837.  Majesco manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

9.      Upon information and belief, Defendant Namco Bandai Games America, Inc. ("Namco Bandai") is a corporation organized and existing under the laws of Delaware having its principle place of business at 4555 Great America Pkwy #201, Santa Clara, CA 95054.  Namco Bandai manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

10.      Upon information and belief, Defendant Harmonix Music Systems, Inc. ("Harmonix") is a corporation organized and existing under the laws of Delaware, having its principle place of business at 625 Massachusetts Avenue, Cambridge, MA 02139.  Harmonix manufacturers for sale and/or sells video games to consumers in the United States and, more particularly, in the District of Delaware.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

11.      This action is one for patent infringement arising under 35 U.S.C. § 271.

12.      The Court has jurisdiction under 28 U.S.C. § 1338(a).

13.     Venue lies in this district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400 (b).

### III.     THE PATENTS-IN-SUIT

14.     U.S. Patent No. 6,308,565 ("the '565 patent") entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued on October 30, 2001.  Impulse is the owner of all right, title, and interest in the '565 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '565 patent is attached hereto as Exhibit 1.

15.     U.S. Patent No. 6,430,997 ("the '997 patent") entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued on August 13, 2002.  Impulse is the owner of all right, title, and interest in the '997 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '997 patent is attached hereto as Exhibit 2.

16.     U.S. Patent No. 6,749,432 ("the '432 patent") entitled "Education System Challenging a Subject's Physiologic and Kinesthetic Systems to Synergistically Enhance Cognitive Function" was lawfully and duly issued on June 15, 2004.  Impulse is the owner of all right, title, and interest in the '432 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '432 patent is attached hereto as Exhibit 3.

17.     U.S. Patent No. 6,765,726 ("the '726 patent) entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued July 20, 2004.  Impulse is the owner of all right, title, and interest in the '726 patent, including the right to sue, recover damages for infringement and obtain a preliminary or

permanent injunction.  A true and correct copy of the '726 patent is attached hereto as Exhibit 4.

18.     U.S. Patent No. 6,876,496 ("the '496 patent") entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued April 5, 2005.  Impulse is the owner of all right, title, and interest in the '496 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '496 patent is attached hereto as Exhibit 5.

19.     U.S. Patent No. 7,359,121 ("the '121 patent") entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued April 15, 2008.  Impulse is the owner of all right, title, and interest in the '121 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '121 patent is attached hereto as Exhibit 6.

20.     U.S. Patent No. 7,791,808 ("the '808 patent") entitled "System and Method for Tracking and Assessing Movement Skills in Multidimensional Space" was lawfully and duly issued September 7, 2010.  Impulse is the owner of all right, title, and interest in the '808 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.  A true and correct copy of the '808 patent is attached hereto as Exhibit 7.

### IV.     DEFENDANTS' ACTIVITIES

21.     Upon information and belief, Microsoft has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology including at least the Xbox 360 game console,

Kinect (or Kinect for Xbox 360), Kinect Sports, Kinect Adventures, Kinect Joy Ride and Kinectimals.

22.     Upon information and belief, EA has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least EA Sports Active 2.0.

23.     Upon information and belief, Ubisoft has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least Your Shape: Fitness Evolved, MotionSports, Michael Jackson: The Experience, and Fighters Uncaged.

24.     Upon information and belief, THQ has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least The Biggest Loser: Ultimate Workout, Fantastic Pets, UFC Trainer, and Dance Paradise.

25.     Upon information and belief, Konami has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least DECA Sports Freedom and Dance Masters.

26.     Upon information and belief, Sega has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least Virtua Tennis 4 and Sonic Free Riders.

27.     Upon information and belief, Majesco has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least Zumba Fitness.

28.     Upon information and belief, Namco Bandai has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least Body and Brain Connection.

29.     Upon information and belief, Harmonix has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products incorporating motion tracking technology for use with the Kinect for the Xbox 360 including at least Dance Central.

## V.     FIRST CLAIM FOR RELIEF (MICROSOFT)

30.     Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 29.

31.     Microsoft infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

32.     Microsoft has had actual notice of the '565, '997, '726, '496, '121, and '808 patents or constructive notice of the '565, '997, '726, '496, '121, and '808 patents before the filing of the Complaint.

33.     At least as early as March 10, 2011, Microsoft was notified by letter of the existence of at least the '565, '997, '726, '496, '121, and '808 patents.

34.     In pre-suit correspondence, Microsoft was informed that Impulse's patents, which include at least the '565, '997, '726, '496, '121, and '808 patents, covered many video games

on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

37.     Microsoft is liable for direct infringement of one or more claims of the '565, '997, '726, '496, '121, and '808  patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products including at least the Kinect, the Xbox 360 system, Kinect Sports, Kinect Adventures, Kinect Joy Ride and Kinectimals.

38.     Microsoft is liable for inducing infringement as it has actively induced end user customers to use its products, including at least the Kinect, the Xbox 360 system, Kinect Sports, Kinect Adventures, Kinect Joy Ride and Kinectimals, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.  Despite knowledge of at least the '565, '997, '726, '496, '121, and '808 patents, Microsoft has actively sold its products and shown end user customers how to use its products, including at least the Kinect, the Xbox 360 system, Kinect Sports, Kinect Adventures, Kinect Joy Ride and Kinectimals, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.

39.     Microsoft is also liable for contributory infringement as it had knowledge that its products, including at least the Kinect, the Xbox 360 system, Kinect Sports, Kinect Adventures, Kinect Joy Ride and Kinectimals, is a component that is especially made or adapted for use in infringement of one or more claims of the '565, '997, '726, '496, '121, and

'808 patents.  Microsoft's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '726, '496, '121, and '808 patents.  Microsoft's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

40.     Upon information and belief, Microsoft's infringement of the '565, '997, '726, '496, '121, and '808 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

41.     As a consequence of Microsoft's patent infringement of the '565, '997, '726, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

42.     Upon information and belief, unless enjoined, Microsoft and/or others acting on behalf of Microsoft, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## VI.     SECOND CLAIM FOR RELIEF (EA)

43.     Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 42.

44.     EA infringes one or more claims of the '565, '997, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

45.     EA has had actual notice of the '565, '997, '496, '121, and '808 patents or constructive notice of the '565, '997, '496, '121, and '808 patents before the filing of the Complaint.

46.     At least as early as September 2, 2010, EA was notified by letter of the existence of at least the '565, '997, '496, '121, and '808 patents.

47.     In pre-suit correspondence, EA was informed that Impulse's patents, which include at least the '565, '997, '496, '121, and '808 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

48.     EA is liable for direct infringement of one or more claims of the '565, '997, '496, '121, and '808 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least EA Sports Active 2.0.

49.     EA is liable for inducing infringement as it has actively induced end user customers to use its products, including at least EA Sports Active 2.0, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '496, '121, and '808 patents.  Despite knowledge of at least the '565, '997, '496, '121, and '808 patents, EA released EA Sports Active 2.0 for the Kinect for the Xbox 360 system on or about November 16, 2010.  Since that time, EA has actively sold its products and shown end user customers how to use its products, including at least EA Sports Active 2.0, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '496, '121, and '808 patents.

50.     EA is also liable for contributory infringement as it had knowledge that its products, including at least EA Sports Active 2.0, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '496, '121, and '808 patents.   EA's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '496, '121, and '808 patents.  EA's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

51.     Upon information and belief, EA's infringement of the '565, '997, '496, '121, and '808 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

52.     As a consequence of EA's patent infringement of the '565, '997, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

53.     Upon information and belief, unless enjoined, EA and/or others acting on behalf of EA, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## VII.   THIRD CLAIM FOR RELIEF (UBISOFT)

54.     Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 53.

55.     Ubisoft infringes one or more claims of the '565, '997, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

56.     Ubisoft has had actual notice of the '565, '997, '496, '121, and '808 patents or constructive notice of the '565, '997, '496, '121, and '808 patents before the filing of the Complaint.

57.     At least as early as December 20, 2010, Ubisoft was notified by letter of the existence of at least the '565, '997, '496, '121, and '808 patents.

58.     In pre-suit correspondence, Ubisoft was informed that Impulse's patents, which include at least the '565, '997, '496, '121, and '808 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

59.     Ubisoft is liable for direct infringement of one or more claims of the '565, '997, '496, '121, and '808 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least Your Shape: Fitness Evolved, MotionSports, Michael Jackson: The Experience, and Fighters Uncaged.

60.     Ubisoft is liable for inducing infringement as it has actively induced end user customers to use its products, including at least Your Shape: Fitness Evolved, MotionSports, Michael Jackson: The Experience, and Fighters Uncaged, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '496, '121, and '808 patents.  Despite knowledge of at least the '565, '997, '496, '121, and '808 patents, Ubisoft has actively sold its products and shown end user customers how to use its products, including at least Your Shape: Fitness Evolved, MotionSports, Michael Jackson: The Experience, and Fighters Uncaged, with the Kinect for

the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '496, '121, and '808 patents.

61.     Ubisoft is also liable for contributory infringement as it had knowledge that its products, including at least Your Shape: Fitness Evolved, MotionSports, Michael Jackson: The Experience, and Fighters Uncaged, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '496, '121, and '808 patents.  Ubisoft's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '496, '121, and '808 patents.  Ubisoft's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

62.     Upon information and belief, Ubisoft's infringement of the '565, '997, '496, '121, and '808 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

63.     As a consequence of Ubisoft's patent infringement of the '565, '997, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

64.     Upon information and belief, unless enjoined, Ubisoft and/or others acting on behalf of Ubisoft, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## VIII.   FOURTH CLAIM FOR RELIEF (THQ)

65.     Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 64.

13

66.     THQ infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

67.     THQ has had actual notice of the '565, '997, '726, '496, '121, and '808 patents or constructive notice of the '565, '997, '726, '496, '121, and '808 patents before the filing of the Complaint.

68.     At least as early as December 20, 2010, THQ was notified by letter of the existence of at least the '565, '997, '726, '496, '121, and '808 patents.

69.     In pre-suit correspondence, THQ was informed that Impulse's patents, which include at least the '565, '997, '726, '496, '121, and '808 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

70.     THQ is liable for direct infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least The Biggest Loser: Ultimate Workout, Fantastic Pets, UFC Trainer, and Dance Paradise.

71.     THQ is liable for inducing infringement as it has actively induced end user customers to use its products, including at least The Biggest Loser: Ultimate Workout, Fantastic Pets, UFC Trainer, and Dance Paradise, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.  Despite knowledge of at least the '565,

'997, '726, '496, '121, and '808 patents, THQ has actively sold its products and shown end user customers how to use its products, including at least The Biggest Loser: Ultimate Workout, Fantastic Pets, UFC Trainer, and Dance Paradise, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.

72.     THQ is also liable for contributory infringement as it had knowledge that its products, including at least The Biggest Loser: Ultimate Workout, Fantastic Pets, UFC Trainer, and Dance Paradise, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents. THQ's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '726, '496, '121, and '808 patents.  THQ's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

73.     Upon information and belief, THQ's infringement of the '565, '997, '726, '496, '121, and '808 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

74.     As a consequence of THQ's patent infringement of the '565, '997, '726, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

75.     Upon information and belief, unless enjoined, THQ and/or others acting on behalf of THQ, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## IX.    FIFTH CLAIM FOR RELIEF (KONAMI)

76.    Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 75.

77.    Konami infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

78.    Konami has had actual notice of the '565, '997, '726, '496, '121, and '808 patents or constructive notice of the '565, '997, '726, '496, '121, and '808 patents before the filing of the Complaint.

79.    At least as early as December 20, 2010, Konami was notified by letter of the existence of at least the '565, '997, '726, '496, '121, and '808 patents.

80.    In pre-suit correspondence, Konami was informed that Impulse's patents, which include at least the '565, '997, '726, '496, '121, and '808 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

81.    Konami is liable for direct infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least DECA Sports Freedom and Dance Masters.

82.    Konami is liable for inducing infringement as it has actively induced end user customers to use its products, including at least DECA Sports Freedom and Dance Masters, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a

manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents. Despite knowledge of at least the '565, '997, '726, '496, '121, and '808 patents, Konami has actively sold its products and shown end user customers how to use its products, including at least DECA Sports Freedom and Dance Masters, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.

83.    Konami is also liable for contributory infringement as it had knowledge that its products, including at least DECA Sports Freedom and Dance Masters, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents.  Konami's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '726, '496, '121, and '808 patents.  Konami's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

84.    Upon information and belief, Konami's infringement of the '565, '997, '726, '496, '121, and '808 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

85.    As a consequence of Konami's patent infringement of the '565, '997, '726, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

86.     Upon information and belief, unless enjoined, Konami and/or others acting on behalf of Konami, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## X.     SIXTH CLAIM FOR RELIEF (SEGA)

87.     Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 86.

88.     Sega infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

89.     Sega has had actual notice of the '565, '997, '726, '496, '121, and '808 patents or constructive notice of the '565, '997, '726, '496, '121, and '808 patents before the filing of the Complaint.

90.     At least as early as June 24, 2011, Sega was notified by letter of the existence of at least the '565, '997, '726, '496, '121, and '808 patents.

91.     In pre-suit correspondence, Sega was informed that Impulse's patents, which include at least the '565, '997, '726, '496, '121, and '808 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

92.     Sega is liable for direct infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least Virtua Tennis 4 and Sonic Free Riders.

93.     Sega is liable for inducing infringement as it has actively induced end user customers to use its products, including at least Virtua Tennis 4 and Sonic Free Riders, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents. Despite knowledge of at least the '565, '997, '726, '496, '121, and '808 patents, Sega has actively sold its products and shown end user customers how to use its products, including at least Virtua Tennis 4 and Sonic Free Riders, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '726, '496, '121, and '808 patents.

94.     Sega is also liable for contributory infringement as it had knowledge that its products, including at least Virtua Tennis 4 and Sonic Free Riders, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '726, '496, '121, and '808 patents. Sega's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '726, '496, '121, and '808 patents. Sega's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

95.     As a consequence of Sega's patent infringement of the '565, '997, '726, '496, '121, and '808 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

96.     Upon information and belief, unless enjoined, Sega and/or others acting on behalf of Sega, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## XI.    SEVENTH CLAIM FOR RELIEF (MAJESCO)

97.    Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 96.

98.    Majesco infringes one or more claims of the '565, '997, '726, and '496 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

99.    Majesco has had actual notice of the '565, '997, '726, and '496 patents or constructive notice of the '565, '997, '726, and '496 patents before the filing of the Complaint.

100.    At least as early as December 20, 2010, Majesco was notified by letter of the existence of at least the '565, '997, '726, and '496 patents.

101.    In pre-suit correspondence, Majesco was informed that Impulse's patents, which include at least the '565, '997, '726, and '496 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

102.    Majesco is liable for direct infringement of one or more claims of the '565, '997, '726, and '496 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least Zumba Fitness.

103.    Majesco is liable for inducing infringement as it has actively induced end user customers to use its products, including at least Zumba Fitness, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '726, and '496 patents.  Despite knowledge of at least the '565, '997, '726, and '496 patents, Majesco has actively sold its products and shown end user customers how to use its products, including at least Zumba Fitness, with the Kinect for the

Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, '726, and '496 patents.

104.   Majesco is also liable for contributory infringement as it had knowledge that its products, including at least Zumba Fitness, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '726, and '496 patents. Majesco's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '726, and '496 patents.   Majesco's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

105.   Upon information and belief, Majesco's infringement of the '565, '997, '726, and '496 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

106.   As a consequence of Majesco's patent infringement of the '565, '997, '726, and '496 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

107.   Upon information and belief, unless enjoined, Majesco and/or others acting on behalf of Majesco, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## XII.   EIGHTH CLAIM FOR RELIEF (NAMCO BANDAI)

108.   Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 107.

109.   Namco Bandai infringes one or more claims of the '565, '997, '432, '496, and '121 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

110.    Namco Bandai has had actual notice of the '565, '997, '432, '496, and '121 patents or constructive notice of the '565, '997, '432, '496, and '121 patents before the filing of the Complaint.

111.    At least as early as June 24, 2011, Namco Bandai was notified by letter of the existence of at least the '565, '997, '432, '496, and '121 patents.

112.    In pre-suit correspondence, Namco Bandai was informed that Impulse's patents, which include at least the '565, '997, '432, '496, and '121 patents, covered many video games on the market.  Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

113.    Namco Bandai is liable for direct infringement of one or more claims of the '565, '997, '432, '496, and '121 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least Body and Brain Connection.

114.    Namco Bandai is liable for inducing infringement as it has actively induced end user customers to use its products, including at least Body and Brain Connection, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, '432, '496, and '121 patents.  Despite knowledge of at least the '565, '997, '432, '496, and '121 patents, Namco Bandai has actively sold its products and shown end user customers how to use its products, including at least Body and Brain Connection, with the Kinect for the Xbox 360 through online and hardcopy

resources and literature in a manner that infringes one or more claims of the '565, '997, '432, '496, and '121 patents.

115.    Namco Bandai is also liable for contributory infringement as it had knowledge that its products, including at least Body and Brain Connection, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, '432, '496, and '121 patents.  Namco Bandai's products are material components of a combination, where the combination is the video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, '432, '496, and '121 patents.  Namco Bandai's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

116.    As a consequence of Namco Bandai's patent infringement of the '565, '997, '432, '496, and '121 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

117.    Upon information and belief, unless enjoined, Namco Bandai and/or others acting on behalf of Namco Bandai, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## XIII.   NINTH CLAIM FOR RELIEF (HARMONIX)

118.    Impulse realleges and reincorporates the allegations set forth in Paragraphs 1 through 117.

119.    Harmonix infringes one or more claims of the '565, '997, and '496 patents under 35 U.S.C. § 271 (a), (b), and/or (c).

120.    Harmonix has had actual notice of the '565, '997, and '496 patents or constructive notice of the '565, '997, and '496 patents before the filing of the Complaint.

121.   At least as early as December 20, 2010, Harmonix was notified by letter of the existence of at least the '565, '997, and '496 patents.

122.   In pre-suit correspondence, Harmonix was informed that Impulse's patents, which include at least the '565, '997, and '496 patents, covered many video games on the market. Specifically, Impulse described its patents as covering a "wide variety of games where the movement of a player is tracked in three dimensions… and certain exercise games where the motion of the player is tracked to effect movement of a virtual avatar, and the exertion of the user is monitored, including where the tracking of the player is done by use of a camera."

123.   Harmonix is liable for direct infringement of one or more claims of the '565, '997, and '496 patents by making, using, offering to sell, and/or selling, and/or importing into the United States, products for the Kinect for the Xbox 360, including at least Dance Central.

124.   Harmonix is liable for inducing infringement as it has actively induced end user customers to use its products, including at least Dance Central, with the Kinect for the Xbox 360 system, intending that the end users will use its products in a manner that infringes one or more claims of the '565, '997, and '496 patents.  Despite knowledge of at least the '565, '997, and '496 patents, Harmonix has actively sold its products and shown end user customers how to use its products, including at least Dance Central, with the Kinect for the Xbox 360 through online and hardcopy resources and literature in a manner that infringes one or more claims of the '565, '997, and '496 patents.

125.   Harmonix is also liable for contributory infringement as it had knowledge that its products, including at least Dance Central, is a component that is especially made or especially adapted for use in infringement of one or more claims of the '565, '997, and '496 patents. Harmonix's products are material components of a combination, where the combination is the

video game used with the Kinect and Xbox 360, for use in practicing at least the '565, '997, and '496 patents. Harmonix's products are specifically made for use with Kinect and Xbox 360 and are not a staple article of commerce suitable for substantial non-infringing use.

126.    Upon information and belief, Harmonix's infringement of the '565, '997, and '496 patents has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Impulse's patent rights.

127.    As a consequence of Harmonix's patent infringement of the '565, '997, and '496 patents, Impulse has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined.

128.    Upon information and belief, unless enjoined, Harmonix and/or others acting on behalf of Harmonix, will continue their infringing acts, thereby causing additional irreparable injury to Impulse for which there is no adequate remedy at law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Impulse prays for the following relief:

A.      enter judgment that Defendants, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, infringe and have infringed the patents asserted against each Defendant above;

B.      award Impulse a permanent injunction restraining Defendants, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from further infringement of the patents asserted against each Defendant above;

C.      award Impulse damages from Defendants adequate to compensate for Defendants' infringement, including interest and costs;

25

D.      award Impulse treble damages as a result of Defendants' willful infringement of the '565, '997, '432, '726, '496, '121, and '808 patents;

E.      declare this case to be exceptional and award Impulse its reasonable attorneys fees and costs;

F.      grant Impulse such other relief as this Court deems just and proper.


## JURY DEMAND

Impulse requests a jury trial for those issues so triable herein.


Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Grimaldi
Brian A. Rosenthal
Michael L. Lindinger
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006-1101
Tel:  (202) 263-3000

Dated:  July 1, 2011
1018708 / 37082

By:  */s/ David E. Moore*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys For Plaintiff*
*Impulse Technology Ltd.*